IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mbomani Mia,<br><br>   Petitioner,<br><br>vs.<br><br>Katrina Kane, et al.,<br><br>   Respondents. | CIV-09-1940-PHX-MHM (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

  Petitioner Mbomani Mia (A075-057-228), who is represented by counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a native and citizen of Chad, who entered the United States as a refugee in September of 1998. In March of 2009, Petitioner was taken into custody by Immigration and Customs Enforcement and was apparently being held because he failed to apply for and acquire lawful permanent residence within one year of his entry in the United States as required by 8 U.S.C. § 1159(a).

  Under § 1159(a), a refugee who has been physically present in the United States for at least one year and has not acquired permanent resident status must "return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant." According to Petitioner, ICE interprets 8 U.S.C. § 1159(a) to authorize the indefinite detention of any refugee who has not become a lawful permanent resident within one year of entry.

Petitioner argues that ICE's interpretation of § 1159(a) violates the Constitution of the United States and the Immigration and Nationality Act and that no statutory or regulatory authority otherwise exists to authorize his continued detention. Petitioner claims that his detention violates his Fifth Amendment rights to both substantive and procedural due process. He also claims that his detention is not authorized by the Immigration and Nationality Act. Petitioner seeks an order compelling his immediate release from custody.

On September 2, 2010, Magistrate Judge David K. Duncan issued an Order denying, *inter alia*, Petitioner's amended motion to consolidate. In its Order, the Court stated:

> The Court agrees with the government that neither consolidation of the cases nor a stay and transfer to a single judge is appropriate, and will deny the motions to consolidate. ...
>
> The government is correct that although the thirteen petitioners initially filed habeas petitions seeking immediate release from custody, alleging that their continued detention was unlawful, in all thirteen cases their current status differs from that described in their original petitions. Specifically, either the authority under which the petitioners are being detained by the government has changed or their custody status has changed.

Regarding the instant Petitioner, the Court found that according to the most recent information in the Immigration Customs and Enforcement database, Petitioner has been released unconditionally, with proceedings terminated.

Accordingly, Petitioner's custody status having changed, the Court ordered Petitioner to show good cause why this action should not be dismissed as moot. To date, Petitioner has not responded or otherwise communicated with the Court, and the time for filing a response to the Court's Order has expired.

It appearing that no case or controversy remains, and that the habeas petition is now moot, the Court will recommend that Petitioner's Petition for a Writ of Habeas Corpus be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DENIED**.

1  This recommendation is not an order that is immediately appealable to the Ninth
2  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
3  Appellate Procedure, should not be filed until entry of the district court's judgment.  The
4  parties shall have fourteen days from the date of service of a copy of this recommendation
5  within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1);
6  Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen
7  days within which to file a response to the objections.  Failure timely to file objections to the
8  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
9  and Recommendation by the district court without further review.  See United States v.
10 Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any
11 factual determinations of the Magistrate Judge will be considered a waiver of a party's right
12 to appellate review of the findings of fact in an order or judgment entered pursuant to the
13 Magistrate Judge's recommendation.  See Rule 72, Federal Rules of Civil Procedure.

14 DATED this 29th day of September, 2010.

_____
Michelle H. Burns
United States Magistrate Judge

- 3 -